Citation Nr: 1448572 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 12-11 376 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected back and right knee disabilities.


ATTORNEY FOR THE BOARD

Amanda Christensen, Associate Counsel


INTRODUCTION

The Veteran had active duty service from June 1990 to October 1991.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky.

In January 2014, the Board remanded the Veteran's claim for additional development. The claim has since been returned to the Board for further appellate action. 

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. 

In March 2014 the Veteran filed a claim for an increased rating for lumbosacral strain with spasms, disc protrusion at L5-S1, with stable S1-S2 radiculopathy and mild degenerative disc disease at L5-S1; an increased rating for right patella fracture; service connection for left hip sacroiliitis, service connection for anxiety, stress, and mood disorder secondary to service-connected conditions, and total disability due to unemployability. As these issues have not been adjudicated by the Agency of Original Jurisdiction (AOJ), the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2013).


FINDING OF FACT

In June 2014, prior to the promulgation of a decision in the matter, the Veteran submitted a request to withdraw his appeal of his claim for entitlement to service connection for hypertension; there are no questions of fact or law remaining for the Board to consider.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran have been met with respect to the claim for entitlement to service connection for hypertension; the Board has no further jurisdiction in this matter. 38 U.S.C.A. §§ 7104, 7105 (West 2002); 38 C.F.R. §§ 20.202, 20.204 (2013). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Under 38 U.S.C.A. § 7104, the Board has jurisdiction where there is a question of law or fact necessary to a decision by the Secretary of VA under a law that affects the provision of benefits administered by VA. See 38 C.F.R. § 20.101. Under 38 U.S.C.A. § 7105(d)(5), the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. Under 38 U.S.C.A. § 7105(a), an appeal to the Board is initiated by a notice of disagreement and completed by a substantive appeal after a statement of the case (SOC) is furnished to the Veteran. See 38 C.F.R. § 20.200. A substantive appeal may be withdrawn in writing at any time before the Board promulgates a decision. Withdrawal may be made by the appellant or by an authorized representative. 38 C.F.R. § 20.204(a)(b). 

In June 2014 the Veteran submitted a letter stating that he wished to withdraw his appeal in the matter of entitlement to service connection for hypertension. As the Veteran has withdrawn his appeal on this issue, there remain no allegations of error of fact or law for appellate consideration. Accordingly, the Board has no further jurisdiction in this matter, and the appeal is dismissed.


ORDER

The appeal in the matter of entitlement to service connection for hypertension is dismissed.


____________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs